In the Matter of TRACY DEVELOPMENT COMPANY et al., Respondents, against MILO R. MALTBIE et al., Constituting the Public Service Commission of the State of New York, Appellants.

Argued June 6, 1940; decided July 24, 1940.

*Gay H. Brown, Laurence J. Olmsted* and *Sherman C. Ward* for appellants. The record not only contains no evidence that the proposed transfer is in the public interest, but establishes that such transfer will be detrimental to the public. (*People ex rel. Iroquois Gas Corp.* v. *Public Service Comm.*, 264 N. Y. 17; *Matter of Yonkers R. R. Co.* v. *Maltbie*, 242 App. Div. 319; 251 App. Div. 204; *People ex rel. N. Y. & Queens Gas Co.* v. *McCall*, 219 N. Y. 84.)

*Edmund B. Naylon* and *George Foster, Jr.*, for respondents. The proposal was not inimical to, but actually was in the public interest. (*Northern Pennsylvania Power Co.* v. *Public Utility Comm.*, 333 Penn. St. 265; *State ex rel. St. Louis* v. *Public Service Comm.*, 335 Mo. 448; *Electric Public Utilities Co.* v. *West*, 154 Md. 445.)

*Per Curiam.* By subsequent events the benefits to the lessee which were anticipated from the lease made in 1913 and approved by the Public Service Commission have become a burden. The lessee can relieve itself of that

burden by purchasing the leased property and thus terminating the obligations of the lease. In determining whether the proposed purchase will be in the public interest, the Public Service Commission cannot now disregard the fact that by the purchase the lessee will relieve itself of the burden of the lease approved by the Public Service Commission. By relieving itself of that burden, the purchaser will reduce the cost of operation and cost of operation is, of course, a factor in fixing rates for the public. The disadvantage to the public which might result from the purchase of property of little or no economic value becomes illusory when effect is given to the saving so made, especially in view of the fact that in estimating the cost of operation thereafter, the engineer of the Commission has included an annual allowance for depreciation which, by the end of the term of the lease, will almost wipe out the original cost.

The order should be affirmed, with costs.

RIPPEY, J. (dissenting). The *per curiam* opinion in this case presents a most persuasive argument, in my opinion, that a question of fact was presented for the determination of the Public Service Commission. Nothing appears to indicate that the determination of the Commission was arbitrary or beyond its powers. Its determination was made in accordance with due administration of the law, after a hearing and the introduction of evidence. There was competent evidence upon which the Public Service Commission might base its findings. Unless we are to discard the rule, recently and unanimously reiterated by this court, as to the finality of the decision of the Public Service Commission on a question of fact (*Matter of Niagara Falls Power Co.* v. *Water Power & Control Comm.*, 267 N. Y. 265, 278), the decision appealed from must be reversed and the determination of the Commission reinstated, with costs in this court and in the Appellate Division.

LEHMAN, Ch. J., LOUGHRAN, FINCH, SEARS, LEWIS and CONWAY, JJ., concur in *per curiam* opinion; RIPPEY, J., dissents in memorandum.

Order affirmed.